KAUKONEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 1—February 18, 1913.*

*Criminal law: Larceny: Circumstantial evidence.*

In a prosecution for larceny the evidence—tending to show, among other things, that defendant had passed the evening in the same saloon with the victim, who spent money lavishly and became badly intoxicated; that late in the evening the victim

went upstairs following a woman with whom defendant roomed, and was in turn followed by defendant; that on the next day defendant was in possession of a pocketbook and several bills of large denomination corresponding to some of those stolen; and that he immediately left town, changed his name, and afterwards denied his identity—is *held*, though wholly circumstantial, to justify a verdict of guilty.

ERROR to review a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

For the plaintiff in error there was a brief by *F. J. Christopher* and *W. E. Haily,* and oral argument by *Mr. Christopher.*

For the defendant in error there was a brief by *Archibald McKay,* district attorney, and the *Attorney General,* and oral argument by *Mr. McKay* and *Mr. Russell Jackson,* deputy attorney general.

WINSLOW, C. J.    It appears in this case that one Herman Maki incautiously entered a saloon in Superior, one evening in July, 1911, upon the invitation of an affable stranger. He had $875 in large bills in a large pocketbook on his person at the time, which was the fruit of ten years of honest toil.    He drank with the stranger and with others in the saloon and retained no recollection of the stirring events of the evening after the second or third drink.    When he again realized the responsibilities of life, he found himself wandering aimlessly upon the railroad tracks in the vicinity of the saloon in the cold gray dawn of the morning after, minus coat, vest, money, and watch.    If this were a sermon we might well stop here, but inasmuch as it is an opinion we must proceed to consider the subsequent legal proceedings growing out of this unfortunate occurrence.

The plaintiff in error (hereinafter called the defendant), who had previously been a bartender in the saloon in question, was prosecuted and convicted of the larceny of the missing property, and brings his writ of error to reverse the conviction.

We have carefully read the record. While the evidence was entirely circumstantial, it was amply sufficient and perhaps more than usually persuasive. It appears without dispute that the defendant was in the saloon when Maki came in, and that he participated in the first drink. There is evidence also, although this is denied by him, that he remained in the saloon during the evening; that Maki spent money for drinks lavishly, became badly intoxicated, and went upstairs late in the evening, following a woman with whom defendant roomed, and was in turn followed by the defendant. It further appears, either by defendant's own admissions or by uncontradicted evidence, that upon the following day the defendant had a large pocketbook in his possession and several large bills corresponding in denomination to some of the stolen bills; that he bought a watch and paid for it with a $50 bill; that he crossed to Duluth on the same day, leaving his room at Superior locked and some clothing in it; that on the following day he left Duluth, and was next seen some three weeks later at Port Arthur, where he gave his name as John Hill; that he gambled away more than $300 at Port Arthur, denied that he had been in Superior for two years, and even denied his own photograph.

Some of these facts are attempted to be explained by the defendant, but it was a question for the jury to determine whether his explanations in fact explained. Sudden possession and expenditure of money after a robbery, immediate flight, change of name, and denial of identity are all well recognized incriminating circumstances depending for their cogency on the circumstances of the case. In the present case we see no reason to doubt that they were amply sufficient, in connection with the other facts proven, to justify a verdict of guilt.

Complaint is made of many paragraphs of the charge. We should not feel justified in stating these supposed errors at length. The charge has been examined, and it must be sufficient to say that it seems to us to have been a full, fair,

and essentially correct statement of the legal principles applicable to the case. We have found no ruling in the case which seems to our minds prejudicially erroneous or worthy of specific treatment. It is our judgment that in this case justice has not miscarried.

*By the Court.*—Judgment affirmed.